O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| RAYMOND RODRIGUEZ, | ) | Case No. CV 11-01789 (JPR) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of the | ) | |
| Social Security | ) | |
| Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**I.   PROCEEDINGS**

     Plaintiff seeks review of the Commissioner's final decision
denying his application for Supplemental Security Income ("SSI").
Pursuant to the Court's Case Management Order, the parties filed a
Joint Stipulation on October 12, 2011.  The Court has taken the Joint
Stipulation under submission without oral argument.  For the reasons
stated below, the Commissioner's decision is remanded for further
proceedings.

## II.   BACKGROUND

Plaintiff was born on September 8, 1968. (Administrative Record ("AR") 20.)  He has an 11th-grade education and no past relevant work experience.  (AR 18-19.)

On December 31, 2007, Plaintiff filed an application for SSI, alleging that he had been unable to work since February 1, 2004, because of chronic low-back pain and scoliosis.  (AR 144.)  After Plaintiff's application was denied by the Social Security Administration, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ").  (AR 102.)  A hearing was held on April 1, 2009, at which time Plaintiff appeared with counsel and testified on his own behalf.  (AR 28-50.)  A vocational expert ("VE") also testified.  (AR 44-48.)  The ALJ determined that Plaintiff was not disabled.  (AR 14.) On January 20, 2011, the Appeals Council denied Plaintiff's request for review.  (AR 1-6.)  This action followed.

## III. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits.  The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole.  42 U.S.C. § 405(g); Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971); Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion.  Richardson, 402 U.S. at 401; Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007).  It is more than a scintilla but less than a preponderance.  Lingenfelter, 504 F.3d at 1035 (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)).  To determine

2

1  whether substantial evidence supports a finding, the reviewing court
2  "must review the administrative record as a whole, weighing both the
3  evidence that supports and the evidence that detracts from the
4  Commissioner's conclusion." Reddick v. Chater, 157 F.3d 715, 720 (9th
5  Cir. 1996).  "If the evidence can reasonably support either affirming
6  or reversing," the reviewing court "may not substitute its judgment"
7  for that of the Commissioner.  Id. at 720-721.
8  **IV.   THE EVALUATION OF DISABILITY**
9      People are "disabled" for purposes of receiving Social Security
10 benefits if they are unable to engage in any substantial gainful
11 activity owing to a physical or mental impairment that is expected to
12 result in death or which has lasted or is expected to last for a
13 continuous period of at least twelve months.  42 U.S.C.
14 § 423(d)(1)(A); Drouin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.
15 1992).
16     **A.   THE FIVE-STEP EVALUATION PROCESS**
17     The Commissioner (or ALJ) follows a five-step sequential
18 evaluation process in assessing whether a claimant is disabled.  20
19 C.F.R. § 416.920(a)(4); Lester v. Chater, 81 F.3d 821, 828 n.5 (9th
20 Cir. 1995) (as amended Apr. 9, 1996).  In the first step, the
21 Commissioner must determine whether the claimant is currently engaged
22 in substantial gainful activity; if so, the claimant is not disabled
23 and the claim is denied.  20 C.F.R. § 416.920(a)(4)(i).  If the
24 claimant is not engaged in substantial gainful activity, the second
25 step requires the Commissioner to determine whether the claimant has a
26 "severe" impairment or combination of impairments significantly
27 limiting her ability to do basic work activities; if not, a finding of
28 nondisability is made and the claim is denied.  20 C.F.R.

3

§ 416.920(a)(4)(ii).  If the claimant has a "severe" impairment or
combination of impairments, the third step requires the Commissioner
to determine whether the impairment or combination of impairments
meets or equals an impairment in the Listing of Impairments
("Listing") set forth at 20 C.F.R., Part 404, Subpart P, Appendix 1;
if so, disability is conclusively presumed and benefits are awarded.
20 C.F.R. § 416.920(a)(4)(iii).  If the claimant's impairment or
combination of impairments does not meet or equal an impairment in the
Listing, the fourth step requires the Commissioner to determine
whether the claimant has sufficient residual functional capacity
("RFC")[1] to perform his past work; if so, the claimant is not disabled
and the claim is denied.  20 C.F.R. § 416.920(a)(4)(iv).  The claimant
has the burden of proving that he is unable to perform past relevant
work.  Drouin, 966 F.2d at 1257.  If the claimant meets this burden, a
prima facie case of disability is established.  Id.  If that happens
or if the claimant has no past relevant work, the Commissioner then
bears the burden of establishing that the claimant is not disabled
because he can perform other substantial gainful work available in the
national economy.  20 C.F.R. § 416.920(a)(4)(iv).  The determination
of this issue comprises the fifth and final step in the sequential
analysis.  20 C.F.R. § 416.920; Lester, 81 F.3d at 828 n. 5; Drouin,
966 F.2d at 1257.

   **B.   THE ALJ'S APPLICATION OF THE FIVE-STEP PROCESS**

   At step one, the ALJ found that Plaintiff had not engaged in any
substantial gainful activity since December 31, 2007, the date of the

_____

   [1]  RFC is what a claimant can still do despite existing exertional
and nonexertional limitations.  20 C.F.R. § 416.945(a); see Cooper v.
Sullivan, 880 F.2d 1152, 1155 n.5 (9th Cir. 1989).

4

application.  (AR 19.)  At step two, the ALJ concluded that Plaintiff
has the severe impairments of degenerative disc disease of the
lumbosacral spine and scoliosis.  (AR 19.)  At step three, the ALJ
determined that Plaintiff's impairments do not meet or equal any of
the impairments in the Listing.  (AR 19.)  The ALJ further found that
Plaintiff retained the RFC to perform a range of "sedentary work."[2]
(AR 19); see 20 C.F.R. § 416.967(a).  Specifically, the ALJ found that
Plaintiff could lift and/or carry 10 pounds occasionally and less than
10 pounds frequently; he could stand and walk for approximately two
hours in an eight-hour workday but would need a cane for prolonged
walking; he could sit for six hours in an eight-hour workday but would
need to change positions every 30 minutes; he could occasionally climb
ramps and stairs, balance, stoop, kneel, and crouch but could not
crawl or climb ladders or ropes; he could not work at unprotected
heights or around dangerous moving machinery; and was limited to
simple, repetitive tasks.  (AR 17, 19.)  The ALJ further found that
Plaintiff had mild restrictions of activities of daily living, mild
difficulties in maintaining social functioning, moderate difficulties
in maintaining concentration, persistence, or pace but did not have
any episodes of decompensation of extended duration.  (AR 18-19.)  At
step four, the ALJ concluded that Plaintiff did not have any past
relevant work.  (AR 19.)  At step five, the ALJ found, based on the
vocational expert's testimony and the application of the
Medical-Vocational Guidelines, that jobs existed in significant

---

[2]  "Sedentary work" is defined as work involving "lifting no more
than 10 pounds at a time and occasionally lifting or carrying articles
like docket files, ledgers, and small tools."  20 C.F.R. § 416.967(a).
Sedentary work involves sitting most of the time but may involve
occasional walking or standing for brief periods of time.  Id.

numbers in the national economy that Plaintiff could perform.  (AR 20.)  Accordingly, the ALJ determined that Plaintiff was not disabled. (AR 20.)

**V.  DISCUSSION**

Plaintiff contends the ALJ improperly rejected the opinion of one of his physicians at Harbor UCLA Medical Center, Dr. Valentin Antoa. (Joint Stipulation at 4-9, 13-14).

Generally, the opinions of treating physicians are afforded more weight than the opinions of nontreating physicians because treating physicians are employed to cure and have a greater opportunity to know and observe the claimant.  Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).  The weight given a treating physician's opinion depends on whether it was supported by sufficient medical data and was consistent with other evidence in the record.  See 20 C.F.R. § 416.927(d)(2).  If a treating physician's opinion was well-supported by medically acceptable clinical and laboratory diagnostic techniques and was not inconsistent with the other substantial evidence in the record, it should be given controlling weight and should be rejected only for "clear and convincing" reasons.  See Lester, 81 F.3d at 830; 20 C.F.R. § 416.927(d)(2).  When a treating physician's opinion conflicts with other medical evidence, the ALJ must provide "specific and legitimate reasons" for discounting the treating opinion.  Lester, 81 F.3d at 830; Orn v. Astrue, 495 F.3d 625, 632 (9th Cir. 2007). Factors relevant to the evaluation of a treating physician's opinion include the "[l]ength of the treatment relationship and the frequency of examination" by the treating physician as well as the "nature and extent of the treatment relationship" between the patient and the physician.  20 C.F.R. § 416.927(d)(2)(i)-(ii).

Plaintiff began receiving treatment at Harbor UCLA Medical Center in July 2007. (AR 216, 270, 478-79, 564-66.) Notes from his initial examination reveal that Plaintiff had been suffering from chronic low-back pain since 1988, when a bullet nicked his spine. (AR 216, 270, 478-79, 564-66.) Plaintiff also complained of intermittent pain and numbness in his right leg. (AR 216, 270, 564-65.) An MRI of Plaintiff's lumbar spine indicated that Plaintiff was suffering from degenerative disc disease and dextroscoliosis of the lumbar spine. (AR 219-20.) Over the next several months, Plaintiff was treated with pain medication and physical therapy. (AR 212, 214, 264, 267, 441, 468, 471, 520, 567-68, 570-72, 574.)

On September 29, 2008, Plaintiff was evaluated by Dr. Tiberi in the adult orthopedic surgery department of Harbor UCLA Medical Center. (AR 257, 445, 464, 521, 575, 578.) Plaintiff complained that his low-back pain increased with walking. (AR 257, 445, 464.) Plaintiff was tender along the iliac spine at L4-L5 and was walking with a limp. (AR 257, 445, 464, 521, 575.) Physical therapy was prescribed. (AR 257, 259, 445, 464, 466, 521, 575.)

On September 29, 2008, Dr. Antoa completed a residual functional capacity assessment form and a physical capacities evaluation form for Plaintiff.[3] (AR 439-40, 559-60.) Dr. Antoa reported that he had treated Plaintiff on one occasion for severe degenerative disc disease, low back pain, and radiculopathy. (AR 439, 559.) He recommended physical therapy and pain management, but Plaintiff's prognosis was unknown. (AR 439, 559.) With respect to Plaintiff's

---

[3] The physical capacities evaluation form was not signed or dated, but both the ALJ and the Commissioner assert that Dr. Antoa completed the form in September 2008. (AR 17, 438, 558; Joint Stipulation at 11.)

work-related limitations, Dr. Antoa opined that Plaintiff could not sit for more than one hour at a time or more than three hours in an eight-hour workday; stand for more than one hour in an eight-hour workday; walk for any period of time; lift or carry more than five pounds occasionally; use his hands for repetitive fine manipulation; push and pull leg controls repetitively with the right foot or both feet at the same time; bend, squat, or climb; crawl or reach more than occasionally; or perform any work involving unprotected heights, moving machinery, or driving automotive equipment.  (AR 438, 558.)

The ALJ rejected Dr. Antoa's opinion because it was "not consistent with the objective findings or the record as a whole." (AR 17.)  This reason was not sufficient, as it does not reach the level of specificity required to reject the opinion of a treating physician. See Embrey v. Bowen, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim."). The ALJ had an obligation to set forth his own interpretations of the medical evidence and to explain why they, rather than Dr. Antoa's findings, were correct.  Id.; see McAllister v. Sullivan, 888 F.2d 599, 602 (9th Cir. 1989) (finding that rejection of treating physician's opinion on ground that it was contrary to clinical findings in record did not "specify why the ALJ felt the treating physician's opinion was flawed"); see also Reddick, 157 F.3d at 725 (explaining that ALJ can meet requisite standard for rejecting treating physician's opinion deemed inconsistent with or unsupported by medical evidence "by setting out a detailed and thorough summary of

8

1   the facts and conflicting clinical evidence, stating his

2   interpretation thereof, and making findings").

3       The Commissioner contends the ALJ did not err in rejecting Dr.

4   Antoa's assessment because the consultative examiner, Ibrahim

5   Yashruti, M.D., identified no abnormal findings on examination and

6   concluded that Plaintiff could perform a range of light work.[4]   (Joint

7   Stipulation at 9-12; AR 17, 238-43.)   In addition, the Commissioner

8   asserts that Dr. Antoa's opinion should be discounted to the extent it

9   relied on Plaintiff's subjective symptoms, as Plaintiff was found not

10  credible by the ALJ.   (Joint Stipulation at 12; AR 17-18.)   The ALJ,

11  however, did not articulate either of these reasons as a basis for

12  rejecting Dr. Antoa's findings.   Indeed, while the ALJ mentioned Dr.

13  Yashruti's opinion, he declined to rely on it in assessing Plaintiff's

14  RFC.   (AR 17.)   Likewise, while the ALJ made an adverse credibility

15  determination, he did not assert that Dr. Antoa's opinion was premised

16  on Plaintiff's subjective complaints.   This Court may not affirm the

17  ALJ's decision on grounds that the ALJ did not invoke in making his

18  decision.[5]   See Pinto v. Massanari, 249 F.3d 840, 847 (9th Cir. 2001)

19  (citing SEC v. Chenery Corp., 332 U.S. 194, 196, 67 S. Ct. 1575, 1577,

20

21       [4]   "Light work" is defined as work involving "lifting no more than
22  20 pounds at a time with frequent lifting or carrying of objects
    weighing up to 10 pounds."   20 C.F.R. § 416.967(b).   Light work may
23  require "a good deal of walking or standing, or when it involves sitting
    most of the time with some pushing and pulling of arm or leg controls."
24  Id.

25       [5]   Immediately after making his finding that Dr. Antoa's assessment
    was not consistent with the record as a whole, the ALJ recounted all the
26  reasons why he found that Plaintiff's testimony was not credible.   (AR
    17-18.)   One might reasonably infer, therefore, that the proximity of
27  the two findings demonstrated that one flowed from the other.   The
    Commissioner has not made this argument, however, so the Court declines
28  to consider it.

9

91 L. Ed. 1995 (1947)).

Accordingly, the Court concludes that the ALJ erred by rejecting Dr. Antoa's opinion without providing specific, legitimate reasons for doing so.

**VI.   CONCLUSION**

When there exists error in an administrative determination, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." INS v. Ventura, 537 U.S. 12, 16, 123 S. Ct. 353, 355, 154 L. Ed. 2d 272 (2002) (citations and quotations omitted); Moisa v. Barnhart, 367 F.3d 882, 886 (9th Cir. 2004). Remand for further proceedings is appropriate "if enhancement of the record would be useful." Benecke v. Barnhart, 379 F.3d 587, 593 (9th Cir. 2004); see Harman v. Apfel, 211 F.3d 1172, 1179 (9th Cir. 2000) (explaining that "the decision whether to remand for further proceedings turns upon the likely utility of such proceedings"). Remand for the payment of benefits is appropriate when no useful purpose would be served by further administrative proceedings and the record has been fully developed, Lester, 81 F.3d at 834, or when remand would unnecessarily delay the receipt of benefits, Bilby v. Schweiker, 762 F.2d 716, 719 (9th Cir. 1985).

Courts may "credit as true" the opinions of treating physicians when "(1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." Harman, 211 F.3d at 1178 (citations and quotations omitted); see Benecke, 379 F.3d at 594; Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) (recognizing

10

1  that courts "have some flexibility in applying the 'credit as true'"

2  rule).

3     Here, the record is not adequately developed to credit Dr.

4  Antoa's opinion as true.  In particular, while Dr. Antoa reported that

5  he had one visit with Plaintiff, it is not clear whether any of his

6  examination notes are included in the record.  (AR 439.)  And, as

7  noted above, the physical capacities evaluation form was neither

8  signed nor dated by Dr. Antoa.  (AR 438, 558.)  Finally, Plaintiff's

9  most recent MRI was taken <u>after</u> Dr. Antoa wrote his evaluation of

10 Plaintiff.  (AR 17.)  Under these circumstances, the Court concludes

11 that there are outstanding issues that must be resolved before a

12 determination of disability can be made.  <u>Harman</u>, 211 F.3d at 1178.

13                              **ORDER**

14    Accordingly, **IT IS HEREBY ORDERED** that (1) the decision of the

15 Commissioner is REVERSED; (2) Plaintiff's request for remand is

16 GRANTED; and (3) this action is REMANDED for further proceedings

17 consistent with this Memorandum Opinion.

18    **IT IS FURTHER ORDERED** that the Clerk of the Court serve copies of

19 this Order and the Judgment herein on all parties or their counsel.

20

21 DATED:  <u>November 22, 2011</u>

22

23                              _____
                                JEAN P. ROSENBLUTH
                                U.S. Magistrate Judge

24

25

26

27

28

                                11